UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RANDALL B. HOFLAND, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) 1:11-cv-00053-JAW |
| RICHARD LAHAYE, JR., et al., | ) |
| Defendants | ) |

## RECOMMENDED DECISION
## And
## ORDER ON MOTION TO CONSOLIDATE

Randall Hofland, a state court prisoner and frequent litigant in this court, has filed a new complaint and a First Amended Complaint, the latter purporting to "subsume" complaints two and three and adding claims 30 -39, whatever that means. His new complaint in this case is itself thirty-seven pages long containing what he labels as twenty-nine separate claims and naming forty-three different defendants. (Doc. Nos. 1 & 4.) Additionally, Hofland has filed a motion to proceed *in forma pauperis* and a motion to consolidate this case with Hofland v. LaHaye, 1:09-cv-00172-JAW, a case currently pending on this docket, and Hofland v. Perkins, 1:09-cv-00201-JAW, a case wherein a judgment of dismissal by this court was entered on June 25, 2009. The judgment of dismissal was affirmed by the Court of Appeals on January 13, 2010. Apparently recognizing that it would be impossible to consolidate a new case with a closed case, Hofland has separately filed a motion to vacate judgment in the earlier case, which motion, of course, is beyond the scope of this recommended decision. This matter is currently before me for initial screening pursuant to 28 U.S.C. § 1915A(a) and ruling on the motion to proceed *in forma pauperis* and motion to consolidate. I now deny the motion to consolidate and recommend that the court summarily dismiss this complaint, denying Hofland *in forma pauperis* status, because

this complaint does not survive initial screening pursuant § 1915A(b) (1) & (2), both because it seeks millions of dollars of monetary damages from defendants who are obviously immune from such relief, including judges and state prosecutors[1], but also because the complaint is frivolous, malicious, and fails to state a claim upon which relief could be granted in any event. I also note that <u>Hofland v. LeHaye I</u>, 1:09-cv-00172-JAW, wherein Hofland was previously granted *in forma pauperis* status, remains pending on our docket and by separate order I have given Hofland one final opportunity to amend that complaint, eliminating redundant claims and focusing upon the set of state actor defendants he claims violated his constitutional rights in connection with the events of October 23, 2008. This new complaint which is the subject of this recommendation not only targets those defendants, but attempts to resurrect or introduce new claims against other defendants such as former governor John Baldacci and Walter Griffin, a reporter for the Bangor Daily News.

The public record in this case reveals that Randall Hofland was sentenced in Waldo County Superior on March 14, 2011, to thirty-five years imprisonment for his conduct in connection with an armed kidnapping and hostage-taking of fifth-grade students and others on October 31, 2008, at the Stockton Springs Elementary School. The allegations in this complaint and in the various lawsuits Hofland has filed in this court do not directly relate to events at the Stockton Springs Elementary School, but do concern a series of interactions between Hofland and various law enforcement personnel and private residents in the Searsport area beginning sometime in 2004 and allegedly culminating in a roadblock and subsequent search and seizure of personal property from Hofland on or about October 23, 2008. In his latest complaint Hofland explains that he was acquitted on the charge of criminal threatening in connection with the

---

[1] Named defendants include Patricia Worth and John Nivison, state court judges, and Eric Walker, and by amendment, Geoffrey Rushlau, state prosecutors. These individuals have been previously named in other proposed amendments to complaints.

events of October 23rd (Complaint, Doc. No. 1 at 6), and that evidence of his innocence as to this charge contained within audio recordings maintained by the police only came to light during his January 2011 trial in state court, perhaps in his mind giving rise to the necessity of filing a new complaint. However, Hofland v. LeHaye I, 1:09-cv-00172, has been stayed during the pendency of Hofland's state court proceedings at his request. Hofland now claims that some of the same defendants named in the earlier case denied him access to Brady exculpatory materials prior to trial, (Complaint, Doc. No. 1 at 7), allegations that might properly be incorporated into the factual matrix of that pending complaint since those allegations represent new developments that could not have been pled in the original complaint.

Hofland's litigation history in this court has been long and arduous. In addition to this case and LeHaye I, Hofland has filed six other cases: Hofland v. Governor of Maine, 1:09-cv-00162-JAW, Hofland v. Ross, et al, 1:09-cv-00173-JAW, Hofland v. Thompson et al, 1:09-cv-00174-JAW, Hofland v. Perkins et al, 1:09-cv-00201-JAW, Hofland v. Westrum et al, 1:09-cv-00218- JAW, and Hofland v. Storey et al, 2:09-cv-343-JAW. All six of those cases have resulted in final judgments of dismissal and they are closed on this docket. I have entered a procedural order in four of those prior cases that placed Hofland "on notice that repeated filings could result in the imposition of filing restrictions under Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993)." See 1:09-cv-00162-JAW, 1:09-cv-00172-JAW, 1:09-CV-00173-JAW, and 1:09-cv-00174-JAW, 2009 WL 1259139, *2 (D.Me. May, 6, 2009). I cautioned, "if Hofland persists in filing motions such as this ex parte request for attachment or other frivolous filings that have no legal basis, the Court may order that he can file no pleading without first obtaining written approval from a judge." Id.

I conclude that this current complaint is frivolous and should be summarily dismissed,

3

not because of Hofland's allegations concerning Brady violations and alleged improprieties in connection with the events of October 23, 2008, but because he has persisted in using this complaint as a vehicle to resurrect claims that have long since been put to rest by this court or are otherwise frivolous in the extreme. For instance, Claim 23 in this new complaint is a claim against Walter Griffin, a reporter for the Bangor Daily News. In an order dated December 15, 2009, I denied Hofland leave to amend his complaint to add the very same claim against Griffin, carefully explaining why he could not sue a news reporter because he felt the news story should have contained additional information. See LaHaye I, Doc. No. 35. Hofland appealed that denial and the District Judge issued a five-page decision affirming the denial of the motion to amend. The incorporation of the very same claim into this new complaint is an example of the frivolous nature of Hofland's pleadings. This represents nothing but a waste of judicial resources.

Additionally, in this new complaint Hofland has a Claim 14 that relates to a RICO conspiracy involving Maine defendants and his spouse, or ex-spouse, Wendy Hofland, and the Plymouth Family Division of the New Hampshire Judicial Branch. According to Hofland he received an Order from a family court judge who refused to vacate a divorce decree in that court on January 28, 2011, noting in his endorsement "[t]his case is closed," which is evidence of mail fraud, a RICO predicate, according to Hofland. The allegations are simply preposterous and cannot form the basis of a civil complaint in this court.

Another example of the frivolous and malicious nature of this complaint is the claim at Claim 19 and Claim 29 against ex-Governor John Baldacci and Col. Patrick Fleming, who is identified as the "commander" of the Maine State Police, which purports to sue these state officials in their personal capacities for hosting a "Heroes' Awards" in Augusta, Maine, in honor

4

of those involved in the October 2008 incidents involving Hofland. Although Hofland never mentions it in the complaint, presumably this event was related to the school hostage incident for which Hofland has now received a thirty-five year sentence. Given Hofland's history with this court and the warnings he has received about filing frivolous litigation, it is impossible to accord this claim any serious consideration.

If Hofland wishes to state a viable claim in connection with the events of October 23, 2008, he should plead it in a cognizable fashion in the Hofland v. LaHaye, I case. In the interim I recommend that this court summarily dismiss this complaint pursuant to 28 U.S.C. § 1915A(b). I have also denied his motion to consolidate this case with other pending matters.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 18, 2011